[Cite as *State v. Gannon*, 2016-Ohio-7610.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 103909, 103910, and 103911

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL J. GANNON

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-596883-A, CR-15-597503-A, and CR-15-596543-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 3, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Melissa Riley
           Daniel T. Van
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Michael Gannon challenges his conviction for aggravated robbery with notice of prior conviction and repeat violent offender specifications and the resulting 22-year aggregate sentence. The trial court exercised its discretion under R.C. 2929.14(B)(2)(a) and sentenced Gannon to a term of 11 years on the aggravated robbery, and an additional eight years for the repeat violent offender specification. The remaining three years were consecutively imposed in another case; however, no arguments were advanced challenging that aspect of Gannon's aggregate sentence. Although Gannon filed a notice of appeal in three separate cases, which were consolidated on appeal, his appellate brief only addresses his aggravated robbery conviction and the associated 19-year prison sentence.

{¶2} The factual record of the underlying crime is relatively sparse in light of the plea deal reached between the state and Gannon. For the purposes of this appeal, it suffices that Gannon accosted and robbed a victim of her purse by hitting her in the head with a hammer. The incident happened at 2:00 a.m., when the victim was returning to her Lakewood apartment from the airport after a flight related to her job. Gannon ran up behind her with the hammer and struck her without warning. The victim was hospitalized and received eight staples in her head. In 2007, Gannon was also convicted or pleaded guilty to another robbery. The state used that earlier conviction as its basis for the repeat violent offender specification.

{¶3} Gannon complains that the trial court failed to adequately inform him of the maximum potential sentence for the purposes of his decision to plead guilty or, in the alternative, that his trial counsel improperly advised him of the potential sentence. Disregarding the fact that Gannon has not presented anything in the record demonstrating his counsel's advisement one way or the other, Gannon's arguments are built upon an underlying presumption that is true only in the vacuous sense — that Gannon was not advised of the implications of R.C. 2929.14(B)(2)(b). R.C. 2929.14(B)(2)(b) requires the trial court to impose the maximum sentence on the felony offense and an additional term for the repeat violent offender specification if, among other things, the offender has three prior convictions for an offense of violence or aggravated murder in a 20-year period. Gannon was not sentenced, or even indicted, under R.C. 2929.14(B)(2)(b).

{¶4} Gannon pleaded guilty to aggravated robbery and a repeat violent offender specification predicated upon a single prior conviction. As a result, the trial court correctly advised during the plea colloquy that Gannon could be sentenced to an additional definite term of prison ranging from one to ten years if (1) he pleaded guilty to the R.C. 2941.149 repeat violent offender specification and the aggravated robbery; (2) the court imposed the maximum sentence on the underlying felony offense; and (3) the trial court found that the underlying felony sentence was (a) "inadequate to punish the offender and protect the public from future crime" because the R.C. 2929.12 recidivism factors predominated, and (b) "demeaning to the seriousness of the offense." R.C.

2929.14(B)(2)(a). At the sentencing hearing, the trial court made the required findings, and the orally imposed sentence otherwise complied with R.C. 2929.14(B)(2)(a).

{¶5} The trial court acknowledged, several times in fact, that although a prison term was required based on the notice of prior conviction specification, the court was not required to impose a specific term, much less the maximum sentence on the underlying felony offense. Tr. 5:2-24;[1] 11:8-12:11;[2] and 22:15-22.[3] As the trial court repeatedly informed Gannon, if the maximum term was imposed, an additional term under the repeat violent offender specification could be imposed. At all times, the trial court correctly acknowledged that the length of the possible prison term was entirely up to the court's discretion and could potentially range from three to 21 years. This demonstrates that the trial court was not under the impression that the maximum penalty on the underlying

---

[1]The trial court clarified that the length of the prison term was discretionary even though the notice of prior conviction specification mandated that a term of prison must be imposed, as the prosecutor recited the terms of the plea deal.

[2]The trial court asked Gannon if he understood that

[t]he notice of prior conviction specification[, under R.C. 2929.13(F)(6)] requires me to impose a prison term somewhere between those two numbers, between 3 and 11. * * * The repeat violent offender specification means that if I impose on you the highest level of punishment of the crime of 11 years, I also have the discretion of imposing an additional one, two, three, four, five, six, seven, eight, nine or ten additional years on top of that.

Gannon answered in the affirmative.

[3] In summarizing the proceedings at the sentencing hearing, the trial court reiterated that in light of the notice of prior conviction, a 3- to 11-year term in prison was mandatory, but the repeat violent offender specification provided for an additional discretionary term if the 11-year sentence was imposed by the trial court.

felony offense and an additional term were required under R.C. 2929.14(B)(2)(b). If the trial court had been under the impression that Gannon had been indicted under R.C. 2929.14(B)(2)(b), the sentencing range would have been 12 to 21 years, not the 3- to 21-year range consistently discussed.

{¶6} In his appeal, Gannon attempted to shift the narrative and argue that the trial court was under the impression that the maximum sentence on the underlying felony was mandatory. Gannon's confusion stems from the final sentencing entry, which does not accurately reflect the trial court's oral pronouncements at the sentencing hearing or the nature of the final sentence that was imposed. The final sentencing entry provides that

> [t]he court imposes a prison sentence at the Lorain Correctional Institution of 19 year(s). 11 years on count 1; RVOs = additional 8 years for total of 19 years. The basic ten is inadequate to protect and demeans the seriousness of the offense and there was serious physical harm plus 3 violent offenses in the last 20 years.

In referencing the three violent offenses in the last 20 years, the sentencing entry mimics the elements of R.C. 2929.14(B)(2)(b). As already explained, R.C. 2929.14(B)(2)(b) was not the applicable sentencing guideline; the trial court did not make those findings at the sentencing hearing, and nothing in the record demonstrates that the trial court believed that section to be applicable. The trial court made the findings as required under R.C. 2929.14(B)(2)(a) and used Gannon's extensive history of criminal conduct as a basis to conclude that the base sentence was inadequate to protect the public.[4] Nothing in the

---

[4]The trial court noted that Gannon had previously been sentenced to prison on at least four separate occasions, totaling 19 years' worth of prison sentences served. Gannon's record was extensive and included convictions for aggravated burglary, burglary, robbery, and theft. Tr.

record demonstrates that the trial court harbored any misunderstanding of the sentencing laws. The final entry is a product of a simple clerical mistake and can be corrected through a nunc pro tunc entry to reflect that which actually occurred.

{¶7} In light of the foregoing, we find no merit to either of Gannon's assigned errors. His convictions in all three appealed cases are affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR

.